**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACLYN G., | |
|            Plaintiff, | |
| v. | Case No. 2:21-cv-11101 (BRM) |
| COMMISSIONER OF SOCIAL SECURITY, | OPINION |
|            Defendant. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is an appeal by Plaintiff Jaclyn G. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner")[1] determining she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g). Having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(f), and for the reasons set forth in this Opinion and for good cause shown, the Commissioner's decision is **AFFIRMED**.

**I.   BACKGROUND**

    **A.   Procedural History**

This case arises out of Plaintiff's challenge to the administrative decision of the

---

[1] Upon the Appeals Council's Order denying Plaintiff's request for a review of the decision of Administrative Law Judge Scott Tirrell ("ALJ"), the ALJ's decision became the final decision of the Commissioner. (ALJ Hearing Decision, Tr. 1.)

Commissioner regarding her application for a period of disability and disability insurance benefits. In April 2018, Plaintiff applied for disability benefits, alleging disability beginning March 30, 2018. (Tr. 12.) The initial claim was denied on June 20, 2018 and again upon reconsideration on August 8, 2018. (*Id.*) Plaintiff filed a written request for hearing received on August 30, 2018. (*Id.*) She appeared and testified at a hearing before the ALJ held on November 5, 2019. (*Id.*) An impartial vocational expert also appeared at the hearing. (*Id.*) The ALJ issued a decision on April 29, 2020, finding Plaintiff was not disabled. (*Id.* at 24.) On March 9, 2021, the Appeals Council denied Plaintiff's request for review of her appeal. (*Id.* at 1.) Having exhausted her administrative remedies, Plaintiff filed an appeal with this Court on May 12, 2021. (Compl. (ECF No. 1).) The administrative record is set forth in the transcript. (ECF No. 8). On February 2, 2022, Plaintiff filed a memorandum of law in support of her appeal. (ECF No. 14.) On March 18, 2022, the Commissioner filed opposition. (ECF No. 15.) On March 31, 2022, Plaintiff filed a reply. (ECF No. 16.)

      **B.**    **Factual Background**

In her application for disability benefits, Plaintiff alleged that panic disorder, generalized anxiety disorder, and hyperemesis gravidarum due to pregnancy limited her ability to work. (Tr. 18.)

At the November 2019 hearing, Plaintiff, unrepresented, testified she holds a Bachelor's degree in psychology. (*Id.* at 36.) At the time of the hearing, her son was eleven months old, and she lived with him and her parents. (*Id.* at 38–39.) She stopped working in March 2018 when she became pregnant with her son. (*Id.* at 42.) Leading up to that date, she worked for several years as a therapist for children on the autism spectrum. (*Id.* at 39.) When she became pregnant, she also became ill with hyperemesis gravidarum (*id.*), and her anxiety worsened with pregnancy (*id.* at

48). Her medications were adjusted in light of her pregnancy. (*Id.* at 49.) She stated her anxiety continues to be seriously limiting and, due to insurance issues, she has been limited in her ability to see mental health providers. (*Id.* at 50–55.) She reported experiencing five to seven panic attacks each month, which last about twenty to thirty minutes. (*Id.* at 56, 59–60.) She stated she neglects showering due to feeling closed in, her parents cook for her, and the only thing she is able to do is care for her infant child. (*Id.* at 61–62.) She cares for her infant child during the day, as her parents work from nine o'clock in the morning until five o'clock in the afternoon on weekdays. (*Id.* at 58.)

As reflected in his written decision dated April 29, 2020, the ALJ, after considering the entire record, made the following determinations concerning Plaintiff:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.
>
> 2. The claimant has not engaged in substantial gainful activity since March 30, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: cyclothymic disorder, major depressive disorder, generalized anxiety disorder, and panic disorder (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but the claimant would experience non-exertional limitations. The claimant could tolerate occasional exposure to extreme cold, extreme heat, wetness, humidity, and to pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation. The claimant could understand, remember, and carry out simple, routine instructions. She could sustain attention and concentration over an 8-hour workday, with customary breaks, on simple, routine tasks. The claimant could use judgment in making work-related decisions, commensurate with this same type of work. She could adapt to changes in routine work

settings. The claimant is capable of enduring occasional interaction with coworkers and supervisors, beyond any increased interactions initially required to learn the job, but she could never work in tandem with coworkers to complete job tasks, and she could never interact with the public as a requirement to complete job tasks. In making this finding, I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p. I also considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on August 9, 1981 and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 30, 2018, through the date of this decision (20 CFR 404.1520(g)).

(*Id.* at 15–24). Accordingly, on April 29, 2020, the ALJ denied Plaintiff's application for benefits.

(*Id.* at 24).

**II.   STANDARD OF REVIEW**

On a review of a final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's decisions regarding questions of fact are deemed conclusive by a reviewing court if supported by "substantial evidence" in the record. 42 U.S.C. § 405(g); *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). The Supreme Court reaffirmed this understanding of the substantial evidence standard in *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Accordingly, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

**III.   THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

Under the Act, the Social Security Administration is authorized to pay Social Security Insurance to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity,

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Act establish a five-step process for determining whether a claimant is disabled for purposes of disability insurance. 20 C.F.R. § 404.1520. First, the ALJ determines whether the claimant has shown he or she is not currently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(b); *see Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If a claimant is presently engaged in any form of substantial gainful activity, he or she is automatically denied disability benefits. *See* 20 C.F.R. § 404.1520(b); *see also Bowen*, 482 U.S. at 140. Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c); *see Bowen*, 482 U.S. at 140–41. Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). These activities include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>
> (2) Capacities for seeing, hearing, and speaking;

>   (3) Understanding, carrying out, and remembering simple instructions;
>
>   (4) Use of judgment;
>
>   (5) Responding appropriately to supervision, co-workers and usual work situations; and
>
>   (6) Dealing with changes in a routine work setting.

*Id.* A claimant who does not have a severe impairment is not considered disabled. 20 C.F.R. § 404.1520(c); *see Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

Third, if the impairment is found to be severe, the ALJ then determines whether the impairment meets or is equal to the impairments listed in 20 C.F.R. § 404, Subpart P, App'x 1 (the "Impairment List"). 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates his or her impairments are equal in severity to, or meet, those on the Impairment List, the claimant has satisfied his or her burden of proof and is automatically entitled to benefits. *See* 20 C.F.R. § 404.1520(d); *see also Bowen*, 482 U.S. at 141. If the specific impairment is not listed, the ALJ will consider in his or her decision the impairment that most closely satisfies those listed for purposes of deciding whether the impairment is medically equivalent. *See* 20 C.F.R. § 404.1526. If there is more than one impairment, the ALJ then must consider whether the combination of impairments is equal to any listed impairment. *Id.* An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams*, 970 F.2d at 1186.

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied, and the claimant must prove, at step four, whether he or she retains the residual functional capacity ("RFC") to perform his or her past relevant work. 20 C.F.R. § 404.1520(e)–(f); *Bowen*, 482 U.S. at 141. Step four involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). When determining RFC, an ALJ's consideration of medical opinion evidence is subject to the framework articulated at Section 404.1527 (for claims filed before March 27, 2017) or Section 404.1520c (for claims filed after March 27, 2017).[2]

---

[2] Regulations for disability insurance and supplemental income benefits are virtually identical. For claims filed before March 27, 2017, Section 404.1527, and its supplemental income benefits counterpart Section 416.927, outline the framework for consideration of medical opinions and prior administrative medical findings. Under these regulations, opinions from treating physicians are given preference. When determining RFC pursuant to this framework, "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Hoyman v. Colvin*, 606 F. App'x 678, 679–80 (3d Cir. 2015) (quoting *Plummer*, 186 F.3d at 429)). Unsupported diagnoses are not entitled to great weight. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Moreover, an ALJ must provide the reason for giving more or less weight to the evidence. *See Fragnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

Section 404.1520c, and its supplemental income benefits counterpart Section 416.920c, are effective for cases filed on or after March 27, 2017. These regulations "eliminated the hierarchy of medical source opinions that gave preference to treating sources." *David K. v. Kijakazi*, Civ. A. No. 20-12419, 2022 U.S. Dist. LEXIS 13989, at *21 (D.N.J. Jan. 25, 2022). Under these regulations, the following factors are considered for all medical opinions: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treating examination, the frequency of examinations, and the purpose of the treatment relationship; (4) the medical source's specialization; and (5) other factors, including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The most important factors that the agency considers when evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency means the extent to which a medical opinion is consistent with the

The claimant is not disabled if his RFC allows him to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, an administrative law judge proceeds to the fifth and final step of the process. *Id.* The final step requires the administrative law judge to "show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428; 20 C.F.R. § 404.1520(a)(4)(v). In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.*; 20 C.F.R. § 404.1523. Notably, an administrative law judge typically seeks the assistance of a vocational expert at this final step. *Id.* (citation omitted).

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings[.]" *Id.* at 263 n.2; *see Bowen*, 482 U.S. at 146–47 n.5. An administrative law judge bears the burden of proof for the fifth step. *Id.* at 263.

On appeal, the harmless error doctrine[3] requires a plaintiff to show, as to the first four steps: (1) an error occurred; and (2) but for that error, she might have proven her disability. *Holloman v.*

---

evidence from other medical sources and nonmedical sources in the claim. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

[3] The Supreme Court explained its operation in a similar procedural context in *Shinseki v. Sanders*, which concerned review of a governmental agency determination. 556 U.S. 396, 408–11 (2009). The Supreme Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Id.* at 409. In such a case, "the claimant has the 'burden' of showing that an error was harmful." *Id.* at 410.

*Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016). In other words, when reviewing an appeal based on the first four steps, a court considers whether the plaintiff articulated a basis for a decision in her favor, based on the existing record. If the plaintiff cannot, it is unlikely she will meet her burden of showing an error was harmful. *See e.g., Lippincott v. Comm'r of Soc. Sec.*, 982 F. Supp. 2d 358, 380 (D.N.J. 2013) (finding ALJ's error was harmless); *Powers v. Comm'r of Soc. Sec.*, Civ. A. No. 19-21970, 2021 U.S. Dist. LEXIS 62340, at *20 (D.N.J. Mar. 31, 2021) (finding the plaintiff had not demonstrated she was prejudiced by the ALJ's decision and had not shown an error occurred amounting to harm).

The court's review of legal issues within this appeal is plenary. *See Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). Factual findings are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes*, 228 F.3d at 262. Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). Substantial evidence also "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and internal quotation marks omitted). When substantial evidence exists to support the Commissioner's factual findings, this Court must abide by those determinations. *See id.* (citing 42 U.S.C. § 405(g)).

## IV. DECISION

Plaintiff challenges the ALJ's RFC conclusion that she (1) could sustain attention and concentration over an 8-hour workday, with customary breaks, on simple, routine tasks; (2) could use judgment in making work-related decisions, commensurate with this same type of work; (3) could adapt to changes in routine work settings; (4) is capable of enduring occasional interaction with coworkers and supervisors, beyond any increased interactions initially required to

learn the job, but she could never work in tandem with coworkers to complete job tasks, and she could never interact with the public as a requirement to complete job tasks. (ECF No. 14 at 11–16.) Plaintiff asks the Court to vacate the ALJ's decision and to remand for a new decision arguing, principally, the RFC determination was not based on substantial evidence because the ALJ had no meaningful guidance from a health care provider in determining functional status. (*Id.*) The Commissioner argues substantial evidence supports the ALJ's finding Plaintiff could perform simple work with limited social interaction in a routine work setting. (ECF No. 15 at 12–23.) The Court agrees with the Commissioner.

A claimant's RFC is the most she can still do despite her limitations. 20 C.F.R. § 404.1545(a)(1). The RFC assessment is based on all the relevant evidence in the record, *id.*, and descriptions and observations of the claimant's limitations from her impairments provided by the claimant and other persons, 20 C.F.R. § 404.1545(a)(3); 20 C.F.R. § 404.1529. When assessing mental abilities, the nature and extent of the claimant's mental limitations and restrictions is assessed first and is followed by a determination of her residual functional capacity for work activity on a regular and continuing basis. 20 C.F.R. § 404.1545(c). "A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting, may reduce [a claimant's] ability to do past work and other work." *Id.* A claimant's statements about pain or other symptoms, including intensity and persistence, will not alone establish disability; there must be medical signs and laboratory findings which show medical impairment(s) that could reasonably be expected to produce the pain alleged. 20 C.F.R. § 404.1529(a).

The ALJ must explain his or her reasoning such that the RFC determination is amenable to

11

meaningful review. *Burnett v. Commissioner of SSA*, 220 F.3d 112, 119 (3d Cir. 2000). However, the ALJ is not required "to use particular language or adhere to a particular format in conducting his analysis," and the ALJ's decision must be "read as a whole" to determine whether he considered the appropriate factors in reaching his conclusion. *Jones*, 364 F.3d at 505.

Plaintiff argues it is unclear how the ALJ determined Plaintiff's specific limitations because, in the section of his decision discussing RFC, he found only two opinions persuasive: the June 1, 2018 opinions of Seth McGowan, M.D.[4] and Harold Goldstein, Ph.D.[5] The former's opinion was "vague and lacking in functional limitations" and the latter opined only that "plaintiff could manage her own funds." (ECF No. 14 at 14.) Plaintiff contends "[t]he ALJ did not have a meaningful functional opinion to help frame-out the RFC." (*Id.*)

Contrary to Plaintiff's contentions, the Court finds substantial evidence exists in the record to support the ALJ's determination of her RFC. The Disability Determination Services ("DDS") reviewing physicians presented a detailed residual functional capacity analysis consistent with the ALJ's findings, and Plaintiff testified as to her capacity as well. To the extent Plaintiff argues the ALJ overlooked medical evidence, the Court finds Plaintiff did not meet her burden of demonstrating the overlooked evidence would have changed the outcome.

As discussed above, at the third step of the disability evaluation process, the ALJ evaluates whether the claimant's impairment is so severe it meets or medically equals the criteria of an impairment on the Impairment List. Here, the ALJ determined the severity of Plaintiff's mental impairments, considered singly and in combination, did not meet or medically equal the criteria of

---

[4] Plaintiff initiated treatment with Dr. McGowan in 2018. (Tr. 19.)

[5] Dr. Goldstein is a consultative psychiatric examiner. (Tr. 16.)

listings 20 C.F.R. § 404, Subpart P, App'x 1, Listing 12.04 and 12.06.[6] (Tr. 15.) In concluding Plaintiff did not have an impairment meeting or medically equivalent to an impairment on the Impairment List, the ALJ considered whether the "paragraph B" criteria[7] were satisfied. (*Id.* at 15–17.) The ALJ determined Plaintiff had moderate limitations in the functional areas of (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting or maintaining pace; and (4) adapting or managing herself. (*Id.* at 16–17.) In arriving at these findings, he summarized the opinions of Dr. Goldstein, Stacy Koutrakos, Psy.D.,[8] and Arthur Lewy, Ph.D.,[9] as well as Plaintiff's own testimony. The Court summarizes the ALJ's findings as follows:

- Dr. Goldstein's mental status examination notes state Plaintiff's manner of relating was appropriate throughout the interview, she was appropriately groomed, and her speech was normal in pace and her tone. Plaintiff demonstrated adequate social judgment, with a coherent and goal-directed thought process. She demonstrated a fair general fund of knowledge with poor abstract reasoning. Plaintiff was able to spell, count backwards, recall six- or seven-digit numbers, perform basic arithmetic word problems, and list the months of the year backward.

- Dr. Koutrakos, based on a review of Plaintiff's medical records, opined Plaintiff was mildly limited in her ability to understand remember or apply information, interact with others, concentrate, persist or maintain pace, and adapt or manage herself.

- Dr. Lewy, based on a review of Plaintiff's medical records, opined (1) Plaintiff was moderately limited in her ability to understand, remember or apply information; (2) she was moderately limited in her ability to interact with others, stating she can manage

---

[6] Listing 12.04 lists the requirements for finding a claimant disabled as a result of an affective disorder, including depressive syndrome, and Listing 12.06 lists the requirements for a finding of disability based on an anxiety-related disorder.

[7] The paragraph B criteria for mental disorders are (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. § 404, Subpart P, App'x 1, 12.00E.

[8] Dr. Koutrakos is a DDS medical consultant. (Tr. 16.)

[9] Dr. Lewy is a DDS medical consultant. (Tr. 16.)

13

- routine contacts with the public and coworkers, and she can accept supervision delivered in a normative fashion; (3) she was moderately limited in her ability to complete a normal workday or work week, or maintain a schedule and be punctual but she was not significantly limited in her ability to complete basic and detailed tasks at a steady pace during workdays and workweeks; and (4) she was moderately limited in her ability to adapt or manage herself, with a moderate limitation in her ability to respond appropriately to change or travel in unfamiliar places or use public transportation.

- In a self-authored function report, Plaintiff reported difficulty following instructions and her impairments affect her memory. However, she testified she has no difficulties reading, writing, making change or completing math equations. Plaintiff reported she gets along with authority figures, she has never been fired from a job due to an inability to get along with others, and she is able to socialize with her family. She reported concentration difficulties and struggles with change and stress. However, she testified she is the sole childcare provider for her infant child for eight hours a day.

(*See generally id.*) The ALJ then found, "Because the claimant's mental impairments do not cause at least two 'marked' limitations or one 'extreme' limitation, the 'paragraph B' criteria are not satisfied."[10] (*Id.* at 17.) The ALJ explained that although the paragraph B mental function analysis is not an RFC assessment, "the following [RFC] assessment reflects the degree of limitation I have found in the 'paragraph B' mental function analysis." (*Id.*) Additionally, the ALJ stated, "the limiting effects of all the claimant's impairments, even those that are not severe, were considered in determining the claimant's [RFC.]" (*Id.* at 15.)

Plaintiff contends the ALJ here, like the ALJ in *Shannon v. Commissioner of Social Security*, Civ. A. No. 15-6480, 2016 U.S. Dist. LEXIS 127923, at *41 (D.N.J. Sep. 20, 2016), impermissibly created an RFC limitation based on his lay opinion. (ECF No. 14 at 13.) In *Shannon,* the court held the ALJ improperly created an RFC limitation of being off task no more than 5% of

---

[10] The ALJ also considered whether the "paragraph C" criteria were satisfied and concluded the evidence failed to establish the presence of "paragraph C" criteria. (Tr. 17.) The ALJ determined "[t]he record does not establish that the claimant has only marginal adjustment, that is, a minimal capacity to adapt to changes in the claimant's environment or to demands that are not already part of the claimant's daily life." (*Id.*)

the time or performing a limited range of low stress sedentary work without identifying specific evidence in his decision. 2016 U.S. Dist. LEXIS 127923, at *41. Plaintiff's reliance on *Shannon* is misplaced.

The ALJ in *Shannon* arrived at an arbitrary quantitative assessment, i.e., the plaintiff could sit for six hours in an eight-hour workday while being off task no more than 5% of the time without "medical or other evidence to support the conclusions." *Id.* Here, the ALJ's determinations regarding limitations on Plaintiff's attention, judgment, adaptability, and capacity to interact, are supported by the medical opinions incorporated by reference in the ALJ's step three analysis in addition to the opinions of Drs. McGowan and Goldstein deemed persuasive in the ALJ's RFC analysis. *See Jones*, 364 F.3d at 505 (explaining the ALJ's decision must be "read as a whole"). Moreover, throughout the decision, the ALJ considered Plaintiff's own testimony regarding her limitations. The ALJ supported his finding Plaintiff is capable of sustained attention and concentration over an 8-hour workday by citing to Plaintiff's testimony related to her daily childcare activities, i.e., that she is able to care for her infant child, and she is solely responsible for the child from nine o'clock in the morning until five o'clock in the afternoon on weekdays. (Tr. at 21.) Using such evidence, the ALJ concluded Plaintiff's representations "about the intensity, persistence, and limiting effects of her symptoms, . . . are inconsistent with a finding of greater limitation. The claimant's subjective reporting of symptoms is inconsistent with the claimant's mental status examinations." (*Id.* at 20–21.) Accordingly, the RFC assessment contains functional limitations credibly supported by substantial evidence. *Richardson*, 402 U.S. at 401 (explaining substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

To the extent Plaintiff argues the ALJ did not consider the letter and treatment notes of

Carol Johnson, LCSW, (ECF No. 14 at 15), the record shows otherwise. The ALJ determined Ms. Johnson opined "on the ultimate issue of disability, an issue that is reserved to the Commissioner. These statements include . . . '[the claimant] is unable to work.' These statements are inherently neither valuable nor persuasive." (Tr. at 21.) (internal citation omitted). Here, again, Plaintiff's assertion is undermined by the ALJ's decision.[11] Further, "[c]ourts within the Third Circuit have held that when an ALJ explicitly states that he has considered the entire record when formulating the RFC," as the ALJ here has done (Tr. 17), "he has satisfied the requirement of considering the plaintiff's impairments in formulating the RFC." *Northrup v. Kijakazi*, Civ. A. No. 20-00412, 2022 U.S. Dist. LEXIS 53577, at *10 (M.D. Pa. Mar. 24, 2022) (collecting cases). Accordingly, the Court is satisfied the ALJ's conclusion is supported by substantial evidence.

V. CONCLUSION

For the reasons set forth above, the Court finds Plaintiff failed to show the ALJ erred in determining Plaintiff was not disabled under the Social Security Act. The Commissioner's decision is **AFFIRMED**.

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Date: June 13, 2022

---

[11] Plaintiff has articulated no other basis for a decision in her favor based on the existing record. Accordingly, to the extent the ALJ erred in his decision, Plaintiff has not met her burden of showing such error was harmful. *Shinseki*, 556 U.S. at 410.